# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVON LEON FREEMAN,

Plaintiff,

vs.

E. LYNCH,

Defendant.

No. 2:16-CV-0705-CMK-P

ORDER

_____ /

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks the appointment of counsel (Doc. 24). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both

must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff alleges that the following warrant appointment of counsel: (1) he is unable to afford an attorney; (2) he is limited by incarceration; and (3) he is suicidal.  As to plaintiff's inability to afford an attorney and his incarceration, the court finds that these are not exceptional circumstances but circumstances which are common to almost every inmate litigant in this court.  As to plaintiff's suicidal ideation, plaintiff indicates in his motion for appointment of counsel that he was taken to a crisis bed on appropriate occasions and there is no indication in the record that plaintiff is not receiving mental health treatment.  Moreover, the record shows that plaintiff has been able to adequately articulate his claims on his own.  The record also shows that plaintiff's constitutional claim against defendant Lynch is not overly complex legally or factually.  Finally, the court cannot say at this juncture of the proceedings whether plaintiff has any particular likelihood of success on the merits of his claim.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 24) is denied.

DATED: June 20, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE