1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TRAVON LEON FREEMAN,                    No. 2:16-CV-0705-MCE-CMK-P

12               Plaintiff,

13        vs.                                FINDINGS AND RECOMMENDATIONS

14   E. LYNCH,

15               Defendant.

16   _____/

17               Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Pending before the court: (1) defendant's motion (Doc. 17) to revoke

19   plaintiff's in forma pauperis status; (2) plaintiff's motions for injunctive relief (Docs. 23, 26, and

20   43); and (3) plaintiff's motions for summary judgment (Docs. 21 and 25).

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

# DISCUSSION

## A.    Defendant's Motion to Revoke Plaintiff's In Forma Pauperis Status

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions also generally do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

Defendant first cites Freeman v. Hynse, et al., E. Dist. Cal. Case No. 1:09-CV-2146-GBC, Freeman v. Julious, et al., E. Dist. Cal. Case No. 1:09-CV-2254-DLB, and Freeman v. Adams, et al., E. Dist. Cal. Case No. 1:09-CV-2129-SKO.[1] In those cases, plaintiff had consented to the exercise of final jurisdiction by a Magistrate Judge and no defendants had yet been served. Based on plaintiff's consent alone, the assigned Magistrate Judges dismissed the actions, concluding in all three cases that plaintiff had failed to state a claim upon which relief

---

[1] The court may take judicial notice of its own records. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

could be granted.  In <u>Williams v. King</u>, ___ F.3d ___ (9th Cir. 2017), the Ninth Circuit recently held that, absent consent from all parties – even defendants who had not yet been served – a Magistrate Judge is without jurisdiction to issue a final order.  In light of this recent authority, the court is not convinced that the dismissals in the above-cited cases can constitute "strikes." Specifically, absent consent of all parties, the Magistrate Judges lacked the authority to dismiss those actions.[2]  A review of this court's records reveals that, other than these three actions, plaintiff has not had any other cases dismissed as frivolous or for failure to state a claim.[3]

Defendant also cites a case from the Central District of California, <u>Freeman v. Baca, et al.</u>, C. Dist. Cal. Case No. 2:06-CV-4979-UA-AN.  That case was dismissed by a District Judge because plaintiff's failure to exhaust available administrative remedies was evident on the face of the complaint.  The court finds that this dismissal counts as a strike.  <u>See Richey</u>, 807 F.3d at 1208.

Finally, defendant cites <u>Freeman v. Julious, et al.</u>, E. Dist. Cal. Case No. 1:09-CV-2213-SMS, a habeas corpus case dismissed for failure to state a claim.  Regardless of whether the court may construe the dismissal of a habeas case as a "strike," the matter was decided by a Magistrate Judge in the absence of consent from all parties, including unserved parties.  Thus, even if the dismissal is a "strike," and even though plaintiff did not appeal, the dismissal was issued by a Magistrate Judge who lacked jurisdiction to do so.

Because defendant has failed to identify three or more prior "strikes," defendant has not shown a basis for revocation of plaintiff's in forma pauperis status.

/ / /

---

[2]    While plaintiff did not appeal the orders dismissing these prior actions, the Ninth Circuit has yet to address the impact of the failure to appeal a final order issued by a Magistrate Judge in the absence of consent by all parties on it's holding in <u>Williams</u>.

[3]    One other action in this court – <u>Freeman v. Finley, et al.</u>, E. Dist. Cal. Case No. 1:10-CV-0640-AWI-GSA – was dismissed for lack of prosecution and failure to comply with court rules and orders and does not constitute a "strike."

1      **B.**      **Plaintiff's Motions for Injunctive Relief**

Plaintiff has filed three motions requesting injunctive relief.  In his motions, plaintiff asks the court to direct the return of various items of personal property.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, injunctive relief is not warranted because plaintiff has not demonstrated that he is likely to suffer irreparable harm absent an order directing the return of his personal property.

      **C.**      **Plaintiff's Motions for Summary Judgment**

Plaintiff has filed a motion entitled "Plaintiff's Reply to Defendant's and Plaintiff's Motion for Summary judgment" (Doc. 21).  He has also filed a motion entitled "Requesting Summary Judgment in Favor of Plaintiff on Fact of Imminent Danger If Proven" (Doc. 25).  Both motions were filed within 30 days of the court's October 11, 2017, discovery and scheduling order, and neither motion is accompanied by a statement of undisputed facts as required by Local Rule 260(a).

/ / /

/ / /

4

Pursuant to Federal Rule of Civil Procedure 56(d), the court may deny summary judgment where the non-moving party has shown that it cannot present facts essential to oppose the motion.  Here, defendant has made this showing.  Specifically, in opposition to both motions, defendant Lynch states that, because the motions were filed so shortly after the commencement of discovery under the court's discovery and scheduling order, and because discovery was stayed pending resolution of defendant's motion to revoke plaintiff's in forma pauperis status, he has not had time to conduct any meaningful discovery.  In particular, there has been insufficient time for defendant to notice and take plaintiff's deposition or obtain third-party discovery from people plaintiff claims were witnesses to his interaction with defendant.  Given that no discovery has taken place, the court finds that consideration of plaintiff's motions for summary judgment is not appropriate at this time.  See Fed. R. Civ. P. 56(d); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988); Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status (Doc. 17) be denied;

2. Plaintiff's motions for injunctive relief (Docs. 23, 26, and 43) be denied; and

3. Plaintiff's motions for summary judgment (Docs. 21 and 25) be denied without prejudice to renewal following the close of discovery.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

6